■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BEVERLY SIMKINS, Also Known as DIANN BAKER, Appellant. [681 NYS2d 513] —Judgment, Supreme Court, New York County (Carol Berkman, J., at hearing; Richard Lowe, III, J., at plea and sentence), rendered November 2, 1992, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing her, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's suppression motion was properly denied. After having avoided the uniformed officer on about six occasions during the almost two and a half-hour period that she stood in a highly drug-prone location, defendant walked across the street when she saw the officer and his partner approaching her again. When asked to identify herself and the nature of her business in the area, defendant mumbled unintelligibly in a manner suggesting the presence of something in her mouth. Under the circumstances, there was reasonable suspicion to believe that defendant was involved in a crime given the officer's prior observations of suspects secreting drug vials in their mouths during arrest encounters in this very area, and this justified ordering defendant to spit out the vials contained in her mouth. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.

■ In the Matter of CARLOS L., a Person Alleged to be a Juvenile Delinquent, Appellant. [681 NYS2d 516] —Order of disposition, Family Court, Bronx County (John Hunt, J.), entered on or about December 22, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts, which if committed by an adult, would constitute the crimes of sexual abuse in the first degree, sexual abuse in the third degree and menacing in the third degree, and placed him in nonrestrictive placement with the Division for Youth for a period of 15 months, unanimously affirmed, without costs.

The evidence was legally sufficient to establish that appellant intended to aid another participant in committing acts constituting sexual abuse and menacing, and the court's finding was not against the weight of the evidence. A reasonable inference can be drawn from appellant's proximity to the other participant and the victim, and the nature of the encounter, that appellant was aware of the forcible sexual contact taking place between them, and that appellant's act of holding the victim'sleg by the ankle was intended to aid the other participant in prolonging the contact and preventing the victim's escape. Concur—Lerner, P. J., Sullivan, Milonas, Rosenberger and Ellerin, JJ.